MARY C. NORTH, Appellant, v. HUTCHINSON CASE, Executor, &c., Respondent.

(GENERAL TERM, SECOND DISTRICT, SEPTEMBER, 1869.)

The defendant's testator, while living, delivered to the plaintiff, his sister, a sealed envelope, indorsed with directions not to open it until after his death, and to return it to him on request; this was upon his recovery from a dangerous illness, happening upon a visit at the plaintiff's house, during which he had received from her extreme care and attention, and frequently told her that he would pay her well; the envelope was once returned to the testator at his request upon a subsequent visit, and redelivered to the plaintiff some two hours afterward. After the testator's decease, the plaintiff being previously ignorant of its contents, the envelope was found to contain his note to her, for $10,000, expressing the consideration to be for services rendered to him.—*Held*, that the plaintiff was entitled to recover the whole amount of the note.

THE testator, who lived in Suffolk county, several years before his death visited his sister, the plaintiff, who resided in the western part of the State. While there he was taken with a sudden and dangerous illness. The plaintiff took extreme care of him and nursed him. The testator after a short illness recovered. During his sickness, and speaking in reference to the plaintiff's fidelity to him, he repeatedly told plaintiff that he would pay her well. After his convalescence, and before he returned home, the deceased delivered to plaintiff a sealed envelope, with a direction indorsed upon it, that it was not to be opened until after his death, and was to be returned to him on request. Plaintiff was ignorant of the contents of the envelope. Upon a subsequent visit to plaintiff, the deceased asked for the envelope. It was delivered to him by plaintiff. After an interval of two hours, he returned the envelope to plaintiff. After testator's death the plaintiff opened the envelope, and found contained therein, his note for $10,000, expressing the consideration to be for services rendered by plaintiff to him.

The plaintiff brought her action upon the note in this court, and the same was referred to Hon. S. B. Strong.

North v. Case.

The referee made his report in favor of the plaintiff, for $1,000.

The plaintiff appealed to this court.

*Mr. Spencer* and *J. Lawrence Smith*, for the appellant.

*William Wickham*, for the respondent.

Present—Joseph F. Barnard, Gilbert and Tappen, JJ.

By the Court—Barnard, P. J. It is very clear that if the deceased testator had made this note in consideration of the services rendered him, and delivered the same to plaintiff, and the same had been accepted by her in his lifetime, in payment for such services, the consideration would have been ample, and not open to question by deceased.

No one but testator could, in a case like this, where the services were of such a peculiar character, estimate their value to him, by a money standard. Such value would, when established by him and accepted by the person rendering the services, and in the absence of fraud, have been final.

So far as the testator was concerned, he in his lifetime fixed such value, evidenced it by a note expressing its consideration to be for services rendered him, and placed it in the plaintiff's actual possession; but the envelope in which it was inclosed was sealed, and on the envelope was indorsed a direction that it was not to be unsealed in testator's life, and was to be returned to him on his request.

From a careful examination of the cases I arrive at these conclusions:

That the delivery of the envelope was a delivery of the contents of it to the plaintiff, even though she was ignorant of such contents. That the testator never having required the redelivering of the envelope, the plaintiff's right to claim the whole note became absolute upon the acceptance by her of the note in consideration of such services as she had rendered. That such acceptance could be made by plaintiff after

testator's death. That by the acceptance of the note by plaintiff after testator's death, the consideration expressed in the note as the value of the services she had rendered deceased became established the same as if personally agreed upon by the parties in testator's lifetime.

The plaintiff is therefore entitled to recover the whole note and the judgment of the referee should be reversed, costs to abide the event.

Judgment reversed.